## FEDERAL RESERVE BANK OF PHILADELPHIA v. ALGAR et al.

### No. 4286.

District Court, D. New Jersey.

Feb. 25, 1937.

Cole & Cole, of Atlantic City, N. J., for plaintiff.

Endicott & Endicott, of Atlantic City, N. J., for defendants.

AVIS, District Judge.

Plaintiff instituted suit against defendants on a certain promissory note, dated December 12, 1932, made by Reba Cook Algar to the order of herself, and indorsed by the maker, her husband, Leonard D. Algar, and Algar Company. This was a renewal of a prior note on which a payment had been made. It was to secure the sum of $2,000, payable two months after date; was discounted at the Atlantic City National Bank of Atlantic City, N. J. (hereinafter called bank) on or about its date; and a day or two later was assigned to plaintiff by bank as a part of the collateral pledged by bank to plaintiff to secure the payment of a certain note given by bank to plaintiff in

consideration of a loan at that time in excess of $900,000.

At the trial Leonard D. Algar testified that on January 27, 1933, he sent·his bookkeeper, one Frank Adams, to the bank with a check of the Algar Company for $2,000, drawn against the account of said company in the bank, for the purpose of paying the aforesaid $2,000 note.

The evidence shows that the teller at the bank received the check, and, not having the possession of the note, informed Adams that it was in the Federal Reserve Bank, and gave him a receipt, stating that the $2,000 had been received by the bank in full payment of note due February 14, 1933, undoubtedly the note in question in this suit. The check for $2,000 was charged against the account of Algar Company, and Mr. Riley (the teller) testified that he promptly called the discount department of plaintiff, notifying it of the payment of the note and requesting that the note be sent to the bank. Employees of plaintiff in this department were called to the stand, and denied that any such message had been received. Witnesses Riley, Conover, and Alcorn, all employees of the bank for several years, testified, in general, that the bank handled the question of collection, notice of due date, and renewal, of all notes so pledged to the plaintiff; that there were many instances where makers of notes had made payment prior to due dates, and the method employed, with the apparent approval of plaintiff, was to telephone that fact to the discount department of plaintiff, and the note so paid would be promptly forwarded to the bank. Mr. W. J. Davis, the assistant deputy governor of plaintiff, testified that such was the practice between plaintiff and the bank, that the bank would receive payment of notes in possession of plaintiff as collateral; that such receipt would be reported to plaintiff, and that thereupon the notes had been released by plaintiff to the bank. He also testified that the bank sent out notices to debtors of due dates of notes held by plaintiff as collateral, and that such was the common banking practice.

The only question submitted to the jury was that of agency, whether, under all of the testimony, it was a fact that the plaintiff had constituted the bank its agent to receive payment of obligations of individuals liable on notes of the bank, pledged as collateral with plaintiff. The instructions to the jury were that if such an agency had been established, the plaintiff was not entitled to a verdict. The jury rendered a verdict for defendants.

Plaintiff applied for, and was allowed, a rule to show cause why a new trial should not be granted, and this rule has been argued orally and by briefs.

Numerous reasons have been assigned, including alleged error in the admission of certain incidental testimony as to custom and practice. If there was any improper testimony admitted, the court is satisfied that it had no harmful effect, in view of the question submitted to the jury and the instructions with relation to such testimony.

The only question involved, and seriously argued, is whether the court should have allowed a nonsuit or directed a verdict on the ground that the proofs were not sufficient to establish an agency under any of the evidence produced. This is a question of law, and counsel for plaintiff argues that in the absence of an express agreement between the parties, or the possession of the obligation upon which payment was made to the alleged agent, no agency can arise by implication or practice. In support of this contention, there has been cited to the court the opinion of the United States Circuit Court of Appeals for the Fourth Circuit in the case of Federal Reserve Bank of Richmond v. Kalin, 81 F.2d 1003. That was a similar case. The note had been given by Kalin to the Citizens National Bank of Hendersonville, N. C., dated October 14, 1930, payable two months after date. Two days after its date, it was rediscounted by the bank with the Federal Reserve Bank, and on November 20, 1930, shortly before the bank closed its doors, Kalin paid the amount to the bank by a check on his deposit account with the bank. The Federal Reserve Bank instituted action against the maker, and at the trial the jury determined that the bank was acting as agent for the Federal Reserve Bank, and judgment was rendered for defendant. The Circuit Court held that there was no evidence to justify the submission of the case to the jury on the question of agency, and that verdict should have been directed in behalf of plaintiff.

With relation to the testimony in that case, the court said, 81 F.2d 1003, on page 1004: "Defendant introduced no evidence to show that plaintiff had authorized the payee bank to collect the note sued on or any notes other than those sent payee from time to time for collection."

Apparently there is a different procedure in that Reserve district. In that case the bank did not look after the collection or renewal of rediscounted or pledged notes. The decision in that case rested upon the doctrine that authority to collect notes not sent to the bank, and not due, could not be inferred from authority to collect notes that were sent to the bank for collection on maturity. It appears quite clear that the facts in that case are different from those in the instant case, and therefore it is not controlling.

After determining the case on the facts as stated, the court cited certain cases generally applying to payment of written instruments, and from them determined and stated that by those cases certain rules were established, to wit: "(1) That the payee of negotiable paper who has assigned it to another is not the agent of the holder for collection, even though the paper be made payable at the banking house of the payee; (2) that payment of money due on a written instrument to such a payee, who has neither possession of the instrument nor authority to receive the payment, will not discharge the instrument; (3) that authority to collect particular instruments which are intrusted to an agent for collection does not confer authority to collect others of which he is not given possession, and one who pays to him the amount of an instrument not in his possession does so at his own risk; and (4) authority to receive payment of an instrument upon maturity does not carry with it authority to receive payment before the instrument is due." 81 F.2d 1003, at page 1005.

With these principles of law, we are in accord, but there are other rules of law applicable to the circumstances of the instant case, which apparently were not applicable to the facts in the case of Federal Reserve Bank of Richmond v. Kalin, supra.

The instant case was submitted to the jury to determine whether the bank, to which payment was made, had been constituted an agent of the plaintiff to receive payment on all notes which had been theretofore assigned by the bank to plaintiff as collateral security for a loan.

██ The proofs on this question, I believe, were sufficient to submit the case to the jury.

██ There was no express contract with relation to the note in question, but an agent may be authorized to collect the amount due on a note without express authority.

██ The general principle of law as to agency under the circumstances of the instant case is stated in 8 Corpus Juris, pp. 596, 597, § 830:

"Express authority is not necessary to render payment to a person as agent effectual, but authority to receive payment may be implied from facts and circumstances existing prior to, or in connection with, the payment; and the holder of paper may be estopped to deny the authority of one whom he has clothed, intentionally or through negligence, with ostensible authority. Authority to receive payment will not be implied, however, from the mere fact that an agent has authority to sell goods and to take a note in payment thereof in the principal's name; and authority to collect interest confers no authority to collect the principal. Nor does authority to lend money for another carry with it authority to collect a note taken for money loaned.

"Where the holder of a note permits one who has previously acted as his agent to continue so to act with apparent authority to receive payment of notes, and the maker of a note pays the same to him in reliance on his apparent authority, the holder will be estopped to deny such authority; and it can make no difference in such case that the agent has not possession of the note when he receives the payment."

Since the briefs were filed, my attention has been called to the case of Federal Reserve Bank of Philadelphia, a corporation, &c. v. Morris Gettleman et al., 117 N.J.L. 416, 189 A. 86. The issue there was similar to the issue in the instant case, with the two exceptions: That in the New Jersey court the party making payment to bank for defendants, did not demand notes, nor did the teller advise the party that they were pledged to the Federal Reserve Bank. In the instant case not only was demand made, but the representative making payment was advised of the fact that the Federal Reserve Bank held the note, and that the party receiving payment would arrange to have note returned. In the case in the New Jersey court, the check was not charged to the account of payor, whereas in the instant case the account of payor was debited with the amount of payment.

I do not think the principle applied in that case is controlling as to the facts in the instant case. The general principle of law stated in the quotation from 8 Corpus Juris, supra, is sustained in many cases.

Just what character of testimony, and how much, is required to justify the submission of a question of this kind to the jury is a matter determinable by a court in its best judgment. Cases are in the records where courts have refused to submit the facts to jurors, and there are cases where the facts have been submitted, and verdicts of juries sustained.

The proofs submitted in the instant case raised a question of fact which, I believe, justified the submission to the jury.

The rule will be discharged.